IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KIRSTEN DAVIS, as Administratrix** § | | **PLAINTIFF** |
| **of the Estate of Troy M. Davis,** § | | |
| **Deceased** § | | |
| § | | |
| **v.** § | **CIVIL NO.: 1:14-CV-286-HSO-RHW** | |
| § | | |
| **HARRISON COUNTY, MISSISSIPPI,** § | | **DEFENDANTS** |
| **and JOHN MCADAMS** § | | |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S [7] MOTION TO STAY, GRANTING DEFENDANT HARRISON COUNTY, MISSISSIPPI'S [8] MOTION TO DISMISS, AND GRANTING DEFENDANT JOHN MCADAMS' [12] MOTION TO DISMISS

BEFORE THE COURT is the Motion to Stay [7] filed by Plaintiff Kirsten Davis, as Administratrix of the Estate of Troy M. Davis, Deceased. Defendants Harrison County, Mississippi, and John McAdams have filed Responses [10] [11] to the Motion to Stay. Also before the Court are the separate Motions to Dismiss [8] [12] filed by Defendant Harrison County, Mississippi, and Defendant John McAdams. Plaintiff has filed a Response [14] to both Motions. Having considered the parties' submissions, the record, and relevant legal authorities, the Court is of the opinion that Plaintiff's Motion to Stay should be denied, Defendants' Motions to Dismiss should be granted, and this case should be dismissed.

I. BACKGROUND

On December 13, 2013, the Estate of Troy M. Davis, through its Administratrix Kirsten Davis, filed a complaint against Harrison County, Mississippi, and John McAdams (collectively, "Defendants") in this Court. The case

1

was assigned to Chief United States District Judge Louis Guirola Jr.  *See* Docket, Case Number 1:13-CV-459-LG-JCG ("*Davis I*").  The *Davis I* complaint identified the plaintiff as "the Estate of Troy M. Davis . . . administered by Kirsten Davis[]" and advanced against Defendants a claim for municipal liability under 42 U.S.C. § 1983 stemming from a county administrator's alleged embezzlement of $33,000.00 from the Estate of Troy M. Davis.  *Davis I* Compl. ¶¶ 2, 3-24 [1].  On January 22, 2014, the *Davis I* plaintiff filed an amended complaint which asserted the same claims and redesignated the plaintiff as "Kirsten Davis as Administratrix of the Estate of Troy M. Davis, Deceased[] . . . ."  *Davis I* First Am. Compl. ¶ 1 [3].  Defendants in *Davis I* have moved to dismiss that case on grounds that the *Davis I* plaintiff failed to timely effect service of process upon them.  Harrison County Mot. to Dismiss 3 [16]; McAdams' Mot. to Dismiss 4 [18].

On July 22, 2014, Plaintiff instituted the present case. The Complaint [1] in this case advances a claim for municipal liability against these same Defendants that is substantively identical to the claim lodged against Defendants in *Davis I*. Compl. ¶¶ 6-31 [1]. In the Complaint before this Court, Plaintiff is identified as "Kirsten Davis as Administratrix of the Estate of Troy M. Davis." *Id*. at ¶ 1. On November 24, 2014, Plaintiff filed the Motion to Stay [7] requesting a stay of this case "pending ruling in [*Davis I*]" on Defendants' motions to dismiss in *Davis I*. Mot. to Stay 1 [7]. Defendants here object to any stay arguing this case unnecessarily duplicates *Davis I* and Plaintiff has cited no authority for imposing a stay. Harrison County's Resp. to Mot. to Stay 2 [10]; McAdams' Resp. to Mot. to Stay 1 [11].

## II. DISCUSSION

"When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed." *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) (quoting *Oliney v. Gardner* 771 F.2d 856, 859 (5th Cir. 1985)) (internal marks omitted). "This rule finds particular application where, as here, the plaintiff files the second complaint to achieve procedural advantage by 'circumventing the rules pertaining to the amendment of complaints.'" *Id*. "[T]here is no reason why courts should be bothered or litigant[s] harassed with duplicating lawsuits on the same docket . . . ." *Oliney*, 771 F.2d at 859 (citing *Sutcliffe Storage and Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir. 1947)).

It appears beyond dispute that no factual or temporal difference exists between the identity of the parties, the subject matter, or claims of this case and those in *Davis I*, which is presently pending before Judge Guirola. In fact, the record indicates that this case is nearly identical to *Davis I*. That Plaintiff filed this case "to insure [*sic*] no statute of limitation runs while awaiting" a decision on the motions to dismiss pending in *Davis I* reveals Plaintiff's purpose for filing this civil action was simply to avoid the statute of limitations related to the claims being asserted. Pl.'s Resp. in Opp'n to Mot. to Dismiss 1 [14]. Such a purpose is insufficient to avoid dismissal of this action. *See Friends of the Earth*, 95 F.3d at 362 (noting the rules prohibiting the filing of duplicative complaints in separate civil actions are particularly applicable where "the plaintiff files the second

3

complaint to achieve procedural advantage") (citation omitted). Because Plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against" Defendants, this civil action should be dismissed. *Oliney*, 771 F.2d at 859 (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)).

III. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Motion to Stay [7] should be denied and that Defendants' Motions to Dismiss [8] [12] should be granted resulting in the dismissal of this case.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Stay [7] filed by Plaintiff Kirsten Davis, as Administratrix of the Estate of Troy M. Davis, Deceased, is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Harrison County, Mississippi's Motion to Dismiss [8] is **GRANTED** and Plaintiff's claims against Harrison County are **DISMISSED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant John McAdams' Motion to Dismiss [12] is **GRANTED** and Plaintiff's claims against McAdams are **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 28th day of January, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE